1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  LAZARUS D. ORTEGA,                        No. CIV S-11-2680-KJM-CMK-P

12              Plaintiff,

13      vs.                                    <u>ORDER</u>

14  TIM VIRGA, et al.,

15              Defendants.

16  _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18  to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19              The court is required to screen complaints brought by prisoners seeking relief

20  against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21  § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22  malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23  from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24  the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

25  of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means

26  that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172,

1

1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the
complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it
rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege
with at least some degree of particularity overt acts by specific defendants which support the
claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
impossible for the court to conduct the screening required by law when the allegations are vague
and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges three of his 602 inmate appeals have been improperly screened
out.  He claims the appeals coordinator, whom he cannot identify by the signature on the form,
has repeatedly screened out his appeals, denying him access to the courts and was done in
retaliation.  In addition, plaintiff claims warden Virga was notified of the appeals coordinator's
actions and has refused to act.

## II.  DISCUSSION

Plaintiff's complaint suffers from several deficiencies.  First, plaintiff's claim
appears to be a generalized complaint about the administrative grievance process.  To that extent,
prisoners have no stand-alone due process rights related to the administrative grievance process.
See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d
850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific
grievance process).  Because there is no right to any particular grievance process, it is impossible
for due process to have been violated by ignoring or failing to properly process grievances.
Numerous district courts in this circuit have reached the same conclusion.  See Smith v.
Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances
did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996)
(concluding that prison officials' failure to properly process and address grievances does not
support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal.

2

1   1995) (dismissing complaint without leave to amend because failure to process a grievance did

2   not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal.

3   1994) (concluding that prisoner's claim that grievance process failed to function properly failed

4   to state a claim under § 1983).

5          Here, plaintiff alleges his inmate appeals have been improperly screened out.  To

6   the extent he is claiming the appeals coordinator failed to properly process his grievance, he

7   cannot state a claim for denial of due process related to the inmate grievance process.  If that is

8   all his claim is, then this action must be dismissed for failure to state a cognizable claim.

9   However, plaintiff mentions the denial of access to the courts as well.

10          Prisoners do retain a First Amendment right to petition the government through

11   the prison grievance process.  See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith,

12   430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the

13   right in the context of prison grievance procedures).  Therefore, interference with the grievance

14   process may, in certain circumstances, implicate the First Amendment.  Prison officials are

15   required to "assist inmates in the preparation and filing of meaningful legal papers by providing

16   prisoners with adequate law libraries or adequate assistance from persons trained in the law."

17   Bounds, 430 U.S. at 828.  The right of access to the courts, however, only requires that prisoners

18   have the capability of bringing challenges to sentences or conditions of confinement.  See Lewis,

19   518 U.S. at 356-57.  Moreover, the right is limited to non-frivolous criminal appeals, habeas

20   corpus actions, and § 1983 suits.  See id. at 353 n.3 & 354-55.  Therefore, the right of access to

21   the courts is only a right to present these kinds of claims to the court, and not a right to discover

22   claims or to litigate them effectively once filed.  See id. at 354-55.

23          As a jurisdictional requirement flowing from the standing doctrine, the prisoner

24   must allege an actual injury.  See id. at 349.  "Actual injury" is prejudice with respect to

25   contemplated or existing litigation, such as the inability to meet a filing deadline or present a

26   non-frivolous claim.  See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007).

3

1   Delays in providing legal materials or assistance which result in prejudice are "not of

2   constitutional significance" if the delay is reasonably related to legitimate penological purposes.

3   <u>Lewis</u>, 518 U.S. at 362.

4          To the extent plaintiff is complaining about being denied access to the courts, he

5   has not alleged sufficient facts to support this claim.  He fails to provide any information about

6   the inmate grievances that were screened out, which may either preclude or support his claim.

7   Without this information, the court cannot evaluate the constitutionality of his claim.  In addition,

8   plaintiff fails to explain how the defendants' violated his rights by screening out his inmate

9   grievance.  For example, he fails to allege that he missed a filing deadline, or was otherwise

10  precluded from presenting a non-frivolous claim.  The court acknowledges the necessity of

11  exhausting his claims prior to bringing a § 1983 action.  <u>See</u> <u>Booth v. Churner</u>, 532 U.S. 731,

12  741 (2001).  However, the rejected appeal plaintiff submitted with his complaint implies that he

13  had raised the same issue in a prior appeal which was cancelled.  This indication does not

14  provide support for his claim that he was denied access to the courts.  Plaintiff has simply not

15  provided the court with sufficient information to determine whether or not plaintiff can state a

16  claim.

17         To the extent plaintiff claims his inmate appeal was screened out in retaliation, he

18  again fails to plead sufficient facts to support such a claim.  In order to state a claim under 42

19  U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for

20  exercising a constitutional right, and that the retaliatory action was not related to a legitimate

21  penological purpose, such as preserving institutional security.  <u>See</u> <u>Barnett v. Centoni</u>, 31 F.3d

22  813, 815-16 (9th Cir. 1994) (per curiam).  In meeting this standard, the prisoner must

23  demonstrate a specific link between the alleged retaliation and the exercise of a constitutional

24  right.  <u>See</u> <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995); <u>Valandingham v. Bojorquez</u>, 866

25  F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also show that the exercise of First

26  Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory

4

1   conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson,

2   408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must establish the following in

3   order to state a claim for retaliation: (1) prison officials took adverse action against the inmate;

4   (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the

5   adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not

6   serve a legitimate penological purpose.  See Rhodes, 408 F.3d at 568.

7          Plaintiff alleges the appeals coordinator acted out of retaliation in screening out

8   his inmate appeals.  He does not, however, provide any facts to support such a conclusory

9   statement.  He does not explain how screening out an inmate appeal is retaliatory, nor why he is

10  being retaliated against.  Conclusory allegations are insufficient to state a claim.  Rather, a

11  plaintiff must allege sufficient facts to support his allegations, and must set forth specific facts as

12  to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v.

13  Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Plaintiff's complaint fails to meet this standard.

14         In addition, plaintiff names the warden of the institution as a defendant to this

15  action.  Supervisory personnel are generally not liable under § 1983 for the actions of their

16  employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

17  respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

18  violations of subordinates if the supervisor participated in or directed the violations.  See id.  The

19  Supreme Court has rejected the notion that a supervisory defendant can be liable based on

20  knowledge and acquiescence in a subordinate's unconstitutional conduct because government

21  officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

22  and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949

23  (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a

24  repudiation of constitutional rights and the moving force behind a constitutional violation may,

25  however, be liable even where such personnel do not overtly participate in the offensive act.  See

26  Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

1    When a defendant holds a supervisory position, the causal link between such

2 defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.

3 Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

4 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel

5 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

6 Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the

7 official's own individual actions, has violated the constitution."  Iqbal, 129 S. Ct. at 1948.

8    Plaintiff has not so alleged in his complaint.  Rather, he claims warden Virga was

9 made aware of the appeals coordinator's actions, and refused to correct the behavior.  Such

10 allegations are insufficient to state a claim.  There is no indication that warden Virga was

11 personally involved in the inmate appeals process plaintiff complains of.  Without that personal

12 involvement, plaintiff cannot state a claim against the warden for violating his constitutional

13 rights.

14    Finally, the only other defendant named in the complaint is the appeals

15 coordinator, whom plaintiff is unable to identify.  He has therefore named this individual as a

16 Doe defendant.  Doe defendants are not favored in the Ninth Circuit as a general policy.  See

17 Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980).  However, in situations where the

18 identity a defendant is not known prior to the filing of a complaint, "the plaintiff should be given

19 an opportunity through discovery to identify the unknown defendants, unless it is clear that

20 discovery would not uncover the identities, or that the complaint would be dismissed on other

21 grounds."  Id. (citing Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir.1978);  see also Wakefield

22 v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  It is not clear in case whether plaintiff will

23 be able to identify the Doe defendant.  However, plaintiff will be provided an opportunity to

24 attempt to identify the individual if he can cure the defects in his claim.  Plaintiff is cautioned

25 that service cannot be completed against an unknown defendant.  It is plaintiff's burden to

26 identify the defendant in order to serve the complaint.  If he is unable to do so, he may request

1 extra assistance, but will be required to inform the court what he has done to determine the name

2 of his defendant.  Until such time as the defendant is identified, this case cannot proceed even if

3 plaintiff cures all of the defects identified above.

4                              **III.  CONCLUSION**

5          Because it is possible that the deficiencies identified in this order may be cured by

6 amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire

7 action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

8 informed that, as a general rule, an amended complaint supersedes the original complaint.  See

9 Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

10 amend, all claims alleged in the original complaint which are not alleged in the amended

11 complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

12 plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

13 plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

14 complete in itself without reference to any prior pleading.  See id.

15          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

16 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

17 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

18 each named defendant is involved, and must set forth some affirmative link or connection

19 between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

20 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

21          Finally, plaintiff is warned that failure to file an amended complaint within the

22 time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

23 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

24 with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

25 See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

26 / / /

1    Accordingly, IT IS HEREBY ORDERED that:

2        1.    Plaintiff's complaint is dismissed with leave to amend; and

3        2.    Plaintiff shall file an amended complaint within 30 days of the date of

4    service of this order.

5

6    DATED:  April 30, 2012

7

8                                    CRAIG M. KELLISON
                                     UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26